## JUNE TERM, 1789.

### Henry Pawling, Assignee, etc. v. The Heirs of George Merewether.

*On a Caveat.*

Henry Pawling, on the 28th day of January, in the year 1785, entered the following caveat against George Merewether, which was afterward revived against his heirs, to-wit:

" Let no grant issue to George Merewether, or his heirs, for a pre-emption of 1000 acres, claimed by them as assignees of James Roberts, who was assignee of Julius Sanders, surveyed in four surveys, adjoining all round Henry Pawling's settlement,.in the county of Lincoln, as Henry Pawling claims part thereof, by virtue of a pre-emption of 1000 acres, as assignee of Andrew Cowan, located on the said Cowan's improvement."

Andrew Cowan having, on the 15th day of February, 1780, obtained from the commissioners for the district of Kentucky, the following certificate, to-wit :

"Andrew Cowan this day claimed a pre-emption of 1,000 acres of land, at the state price, in the district of Kentucky, on account of marking and improving the same in the year 1776, lying on a dividing ridge, between the waters of Dick's river and Kentucky, adjoining the lands of John Wilson, on the north side, to include his improvement. Satisfactory proof being made to the court, they are of opinion that the said Cowan has a right to a pre-emption of 1,000 acres of land, to include the said improvement, and that a certificate issue accordingly."

On the 23d day of October, 1780, made the following entry with the county surveyor, to-wit :

" Andrew Cowan enters a pre-emption warrant of 1,000 acres, on the head waters of Boone's Mill creek, to include his cabin, and the head waters of several small branches, running into the Kentucky and Dick's river."

George Merewether, on the 13th day of September, in the year 1781, made the following entry, to-wit :

" George Merewether, assignee, etc., enters 1,000 acres upon a pre-emption warrant, No. 1060, lying on the waters of Boone's Mill creek, to adjoin Pawling's settlement, as assignee of Julius Sanders, all round the said settlement, notwithstanding, the said Merewether is not to be confined to the forementioned waters alone, unless he sees cause to run it so."

The annexed connected plat, No. 10, was returned in this cause, of which the following is an explanation :

The square figure with dotted lines, is Henry Pawling's pre-emption of 1,000 acres, as assignee of Andrew Cowan. A C, Andrew Cowan's cabin. 1 2 3 4, Henry Pawling's settlement, as assignee of Julius Sanders. 5 6 7 8, George Merewether's 1,000 acre pre-emption, in four surveys. B, White Oak creek, waters of Dick's river. D, waters of Dick's river. 9 to 10, Boone's Mill creek, waters of Dick's river. E, waters of Sugar creek, waters of the Kentucky. F, Speed's fork of Sugar creek, waters of the Kentucky. From Cowan's cabin to E, the head of the waters of Sugar creek is north 5 east, 570 poles. From Cowan's cabin to the head of Speed's fork of Sugar creek, is north 69 east, 452 poles, which are the heads of the branches of the Kentucky, which are nearest Andrew Cowan's improvement. 11 to 12, the dividing ridge between the waters of Kentucky and Dick's river.

BY THE COURT.—The defendant's entry is so vague and uncertain that it can be of no validity in the present suit. In Cowan's entry we find some uncertainty, and part of what he calls for, to-wit: "to include the head waters," etc., absolutely impossible, but we find part of his call to be precise and certain, to-wit: "to include his cabin." We are of opinion that such part of the entry as is uncertain and impossible, as there is a sufficiency thereof certain to answer the requisition of the law, agreeably to former determinations of the court, ought to be considered as surplusage, and that the plaintiff must depend on the certain part only. We

are of opinion that the plaintiff's entry, surveyed in a square form, with the lines of equal length, and running to the cardinal points, and the cabin called for in the center of the survey, is surveyed in a proper manner.

Judgment for the plaintiff for 515 acres, and costs.